W. H. GARVIN *vs.* J. WHEELER GARVIN AND R. KIRKLAND GARVIN.

JAMES PATTERSON, ADM'R OF J. WHEELER GARVIN, *vs.* W. H. GARVIN AND R. KIRKLAND GARVIN.

J. W. RILEY AND OTHERS *vs.* W. H. GARVIN.

Where, in a suit for partition, land is sold for distribution of the proceeds between the tenants in common, the liens of judgments against one of the tenants are transferred from his share of the land to his share of the proceeds of the sale, and the legal priorities of the liens are not affected by the sale.

In such cases the judgment creditors may intervene by petition or rule.

The decree below examined and held not to be final, and, therefore, not to be appealable, except in its relation to one only of the three causes in which it was entitled.

BEFORE LESESNE, CH., AT BARNWELL, FEBRUARY, 1868.

The decree of His Honor the Chancellor, (filed October 19, 1868,) is as follows:

Garvin *vs.* Garvin.

LESESNE, Ch. The three causes above entitled were heard together. The first of them was a bill for partition of the estate of W. W. Garvin, deceased, by whom the same had been devised to his three sons, namely, the plaintiff and defendants in that cause. A sale had been made of the real estate, and the cause came up on the Commissioner's report of sales. By this it appears that the net sales amounted to six thousand six hundred and fifty-seven dol- lars and thirty-seven cents, and that the purchaser, William P. Dunbar, had accounted to the defendant, R. K. Garvin, for one-third part of that sum.

J. Wheeler Garvin died after the sale, considerably indebted, and leaving no property, except his interest in the real estate of his father. And the second cause is a bill by his administrator, praying that his share of the sales of said real estate may be paid to the plaintiff, to be disposed of in a due course of administration. And the third cause is a bill by judgment creditors of W. H. Garvin, praying that his share of the sales aforesaid be applied to the pay-ment of their demands. An order was submitted to confirm the sale made in the first cause, and give the purchaser (Dunbar) credit on his bond for the amount paid by him to R. K. Garvin, and to grant the relief prayed for in the two other causes.

But at the hearing it was brought to the attention of the Court, by the solicitor of R. K. Garvin, that he had filed a bill, not yet on the docket, against W. H. Garvin and the administrator of J. Wheeler Garvin. This bill alleges that W. H. Garvin, who was the sole qualified executor of W. W. Garvin, had used and wasted all the personal estate and effects of the testator, and asks for an account of plaintiff's share, or third part of the same, and that the amount to which he may thereupon be found to be entitled, as against the executor, W. H. Garvin, be paid out of the said W. H. Garvin's share of the sales of the real estate before mentioned.

Thus the question is raised whether such a claim is entitled to be paid out of the said fund in preference to the claim of judgment creditors. And that question was fully discussed by the counsel of the said R. K. Garvin, and of the judgment creditors, respectively.

It is undeniable that the judgment creditors of W. H. Garvin have no lien on his share of the fund in Court. Whatever lien they may have had on his undivided share of the land was dis-placed by its sale for partition. The fund in question is still liable for their demands, but it is equitable assets, and liable for all

the debts of W. H. Garvin, without preferences.—*Carlton* vs. *Felder*, 6 Rich. Eq., 60; *Heath* vs. *Bishop*, 4 Rich. Eq., 46–58.

The claim of R. K. Garvin, too, must stand on the same footing with the others. There is not, I think, any principle of law that entitles him to the preference which is claimed by him.

It appears that in the case of R. K. Garvin *vs.* W. H. Garvin, the Commissioner (under an order of reference by himself) has made a report finding the amount due by the defendant, but, without the consent of the defendant, I am not at liberty to consider that report in this connection.

It appears, moreover, that certain persons, claiming to be creditors of W. H. Garvin, as executor, and to be entitled to payment out of his testator's estate, have filed petitions to be paid out of the fund in this Court. These claims must be considered before any decree can be made to dispose of the fund. Mr. Dunbar, the purchaser of the land, having settled with R. K. Garvin, is entitled to a credit on his bond for whatever may be ascertained to be the amount of R. K. Garvin's share of the sales of the land. In ascertaining that, claims of creditors that are properly chargeable against the testator's estate must be first deducted from the amount of sales. The Court will also order the share of J. Wheeler Garvin, deceased, when ascertained, to be paid to his administrator, on his giving security for the due administration of the same.

It is ordered and decreed, that the Commissioner inquire and report whether there are any creditors who claim payment of their demands out of the estate of the testator, and the amount of said demands; also, the claims of the judgment creditors of W. H. Garvin, and of all other creditors of the said W. H. Garvin, especially that of R. K. Garvin, hereinbefore referred to; and, to that end, that he call on all the creditors of the said W. H. Garvin, by advertisement in a newspaper, to establish their demands before him by the first day of December next; and that he give due notice of any reference or references held under this decree to the solicitor of R. K. Garvin, and of the petitioners hereinbefore mentioned.

And it is further ordered, that the parties, or any of them, have leave, on due notice, to apply at the foot of this decree, at Chambers, for any further order or orders that may be necessary or proper in the premises.

The complainants, J. W. Riley, N. G. W. Walker and Charles

Peckman, appealed, and now moved this Court to reverse or modify so much of the decree in these causes as holds William H. Garvin's share of the fund in Court to be equitable assets, and, as such, distributable, *pari passu*, among all his creditors, on the ground :

That the fund in question is legal assets, and that the lien of said complainants' judgment upon William H. Garvin's undivided interest in the land having been displaced by the action of the Court, the legal priority of the judgment should be preserved in the disposition of the proceeds of the sale.

*Maher,* for appellants.

*Davant,* contra.

April 2, 1868.   The opinion of the Court was delivered by

WILLARD, A. J.   J. W. Riley, N. G. W. Walker and Charles Peckman, complainants, in the suit of Riley *vs.* Garvin, appeal from so much of the decree entitled in the three causes above named as adjudged that appellants were not entitled to priority of payment over other creditors out of a fund arising from the sale of real estate under a decree of partition in the suit first above named.   Priority is claimed under a judgment confessed by Wm. H. Garvin, one of the distributees of the land partitioned, and complainant in the partition suit, subsequent to the decree of sale for the purpose of such partition, and before sale actually made. Wm. H. Garvin was sole defendant to appellants' bill, and suffered the same to be taken *pro confesso ;* and accordingly, as between appellants and that defendant, the right of appellants to the distributive share of the latter in the proceeds of the sale of the lands under partition, to the extent necessary to satisfy their debt, is fully established.

The singularity of this case is, that the persons who contest the appellants' claim to priority were not before the Court in that character in either of the suits in which the decree was rendered.   We learn, from the decree of the Chancellor, that R. K. Garvin, another of the distributees, and certain petitioning creditors of W. H. Garvin, executor, are the true contestants of the appellants' claim.   Whether there are still other creditors, not yet before the Court, and, if any, whether they claim as judgment or simple contract creditors, is not yet ascertained, the decree having made provision for the ascertain-

ment of such claims; but it is not yet, in that respect, as far as we can know, carried into effect.

The portion of the decree appealed from is as follows: " It is undeniable that the judgment creditors of Wm. H. Garvin have no lien on his share of the fund in Court. Whatever lien they may have had on his .undivided share of the land was displaced by its sale for partition. The fund in question is still liable for their demands; but it is equitable assets, and liable for all the debts of Wm. H. Garvin, without preferences."

If this Court had no other concern with the record before us than simply to examine the soundness, in point of law, of such propositions as we find embodied in the decree, irrespective of their bearing upon the rights of the parties under the case stated in the pleadings, there would be no embarrassment in proceeding at once to the examination of the doctrine laid down · by the Chancellor. But such is not the case. The Legislature, in order to give solidity to proceedings in equity, and to prevent the inconvenience, delay and expense of frequent and vexatious appeals, resulting from a *piecemeal* consideration of the questions arising, have declared, in fixing the appellate jurisdiction of this Court, final decrees and judgments in equity to be the proper subjects of the consideration of this Court on appeal, (Stat. Special Session, 1868, p. 12, Sec. 1.) It therefore becomes necessary for us, in giving effect to this salu-tary enactment, to ascertain the bearing of the decision of the Chancellor, brought up by the appeal, and whether it can be re-garded as finally disposing of the whole or any distinct and sub-stantive part of the matters in controversy.

In reference to the suits in which the decree was rendered, there are two views that may be taken of that portion of the decree appealed from. The first is in its application and bearing on the partition suit of W. H. Garvin *vs.* J. W. Garvin and R. K. Gar-vin. The second, in its relation to the case of Riley *et al. vs.* W. H. Garvin.

Assuming, for the purpose of a more exact understanding, that the decree had been rendered in the partition suit alone, and what would be its proper bearing? After the accomplishment of the direct object of the partition suit, to the extent of the decree of sale and a sale thereunder, there remained in the hands of the Court a fund, arising from the proceeds of the sale, to be disposed of. If no new parties interposed as claimants to the fund, either as creditors or otherwise, the fund would pass under the terms of the

decree of sale, which must be assumed to have disposed finally of all questions arising among the parties to the bill touching their respective interests in the proceeds of sale.

Where there is a claim, by judgment or other record creditors, to the fund, brought in either on petition or by rule, a question is made which may be brought before this Court, provided the decree in relation thereto is in its nature final as to the matters embraced in it.

That this is the usual and proper mode of bringing forward the demands of such creditors, having a right to come into equity for satisfaction out of the fund, is well settled. In *Simons* vs. *Simons*, (Harp. Eq., 256,) a rule was moved, in a partition suit, by a judgment creditor of one of the distributees, for payment out of the proceeds of sale.

Although in that case the creditor did not intervene in time—the share of the distributee, bound by the judgment, having been paid over to him before demand made by his creditors—still no question was made as to the propriety of the mode of his intervention; indeed, the order made by the Court of Appeals in the case shows that, as to legal liens—in which may be included such as arise by judgment and mortgage—protection should be afforded to the creditor by the terms of the decree and order of distribution, even when the creditor has not intervened in any form whatever.

. The Court say : " We think the decree of the Circuit Court was correct. The Commissioner, having obeyed the order of the Court, ought to be protected. It is proper that he should respect the legal liens. It is, therefore, ordered and adjudged, that the decree of the Circuit Court be affirmed, and that the Commissioner pay over the moneys according to the order of the Court, *first satisfying the legal liens.*"

This order was practically a modification of the Circuit order of distribution as to any portion of the fund still remaining in the hands of the Court, distinctly recognizing the right of the creditor to intervene on the footing of the order of distribution itself.· The other method of intervening, viz, by petition, was adopted by certain creditors in the present case, as appears by the statements of the decree; and the direction to the Commissioner to inquire and report as to creditors illustrates the general mode of procedure in such cases. This practice was sanctioned by Chancellor Kent, delivering the opinion of the Court of Errors, of New York, in *Cod-*

*wise* vs. *Gelston*, 10 Johns. R., 507, so far as applicable to the claims of creditors by matter of record.

He says, however: "As the appellant applies by petition only, and does not, by bill, bring in the other judgment creditors, the Master must determine the priority of the liens by the record, and he cannot resort to proof *aliunde*, unless it be the voluntary confession of any prior judgment creditor that his debt is satisfied."

Following this practice, the appellants, as judgment creditors of one of the distributees, had a right, independently of their bill, to intervene by rule or petition, or upon the intervention of other creditors, and a reference to the Commissioner, to go before him and make proof of their demand, and to assert any priority that might appear by matter of record. Had they intervened by rule or petition, and had the present decree been made on such rule, denying their alleged priority, it might be a question whether, in that stage of the proceedings, the decree could be regarded as in an appealable form. While it might be regarded as final in respect to one aspect of the appellants' claim, namely, as creditors claiming a preference, yet it leaves unsettled the question whether they will be allowed to reach the fund to any extent whatever, and the appellants, should they fail to establish before us a right to priority, might be again before us on the question, whether they have any right to the fund in common with other creditors. So, on the other hand, should we hold that appellants are entitled to a priority on the case made by the proceedings and decree, it might turn out that other judgment creditors had still older claims on the fund.

If that portion of the decree appealed from is to be regarded as intended as an order in the partition suit, it could be considered in no other light than as an instruction to the Commissioner ruling an abstract proposition which was to govern him as to all claims to priority of payment out of the fund, whether made by parties who had had an opportunity to be heard in opposition to the point ruled, or by those who had had no such opportunity. We cannot adopt this view of the ruling without assuming an unusual and irregular course of proceeding, and we must, therefore, conclude that the portion of the decree appealed from has exclusive relation to the bill filed by the appellants against W. H. Garvin.

The next question that arises is, whether, regarding the portion of the decree appealed from as a disposition of the bill filed by the appellants against W. H. Garvin, it can be regarded as finally dis-

posing of the matter of that bill, so as to stand for a final decree, and, as such, to be appealable to this Court.

Appellants' bill was a judgment creditors' bill against Garvin, and sought satisfaction out of the particular fund. As this fund was subject to the claims of creditors having legal or equitable liens upon it, and could be reached only by a proceeding to determine the respective priorities affecting it, and as the judgment creditors, if any, were not made parties to the bill, so as to be bound by a decree, the bill must be regarded as contemplating the subrogation of the appellants to the rights of W. H. Garvin in respect to the fund. Whether there was any necessity for such a subrogation, in view of the fact that the appellants, as judgment creditors, already possessed a sufficient ground in equity to prefer their claims, is not a question here, as W. H. Garvin suffered the bill to be taken as confessed, and does not appear to raise any question as to the form of the decree. The proper decree in the appellants' suit was in accordance with the foregoing principles. The Chancellor, instead of pronouncing the decree called for by the case, substantially refused it, by making a decree foreign to the purpose of the bill, and covering questions not yet reached, arising between the appellants and the other creditors, in which Garvin, the sole defendant, had no direct interest. It follows, therefore, that, even if the doctrine laid down by the Chancellor was in itself free from objection, it was not called for by the state of the case before him, and formed no sufficient basis for disposing of the appellants' bill.

But we cannot yield our assent to the ruling in question, standing, as it does, in direct antagonism to the entire current of decisions and authorities. The sale of the real estate merely transferred the legal liens affecting it, and did not change their relative priorities. In equity, the fund arising from the sale stands in lieu of the land itself, and all liens on the land attach to the fund and are enforced with due regard to all the legal priorities. — Story Eq., Sec. 553; 2 Fonb. Eq., 403, 404; see remarks of O'Neall, J., on *Rabb.* vs. *Aiken,* in *Johnson* vs. *Payne,* 1 Hill, 111. This was expressly held in *Codwise* vs. *Gelston,* above cited.

The authorities cited by the Chancellor do not sustain the propositions based upon them. This is so obvious a conclusion that it will not be necessary to enter into a detailed consideration of the points ruled in those cases.

That portion of the decree appealed from is erroneous and is reversed.

It is adjudged and decreed, that so much of the decree of the Chancellor as is contained in the following language, viz—"It is undeniable that the judgment creditors of W. H. Garvin have no lien on his share of the fund in Court; whatever lien they may have had on his undivided share of the land was displaced by its sale for partition ; the fund in question is still liable for their demands, but it is equitable assets, and liable for all the debts of W. H. Garvin, without preferences "—be, and the same is, in all things, reversed and set aside.

It is further adjudged and decreed, that so much of the decree aforesaid as is not hereby reversed stand for a decree in the case of James W. Riley *et al.* vs. William H. Garvin, and that the appellants be admitted before the Commissioner, or person who shall or may carry out the instructions of said decree, to allege and maintain any matter or thing that of right may be alleged or maintained by or on the behalf of W. H. Garvin.

*Hoge*, A. J., concurred.