B<small>UTZEL</small>, C. J., and B<small>USHNELL</small>, S<small>HARPE</small>, B<small>OYLES</small>, R<small>EID</small>, N<small>ORTH</small>, and D<small>ETHMERS</small>, JJ., concurred.

---

*In re* EARLE.

1. C<small>RIMINAL</small> L<small>AW</small>—C<small>ONTINUANCE</small>—D<small>ISCRETION</small> <small>OF</small> C<small>OURT</small>.
    Continuance of a criminal case is within the sound discretion of the trial court.

2. S<small>AME</small>—C<small>ONTINUANCE</small>—D<small>ISCRETION</small> <small>OF</small> C<small>OURT</small>—B<small>URDEN</small> <small>OF</small> P<small>ROOF</small>.
    The party claiming an abuse of discretion in the denial of a motion for continuance in a criminal case has burden of proving it.

3. S<small>AME</small>—C<small>ONTINUANCE</small>—P<small>REJUDICE</small>.
    Prejudice to defendant in a criminal case must be apparent or proved to have been at least probable in order to find an abuse of discretion in denial of his motion for a continuance.

4. Same—Mistrial—Discretion of Court.

The power to discharge the jury in a criminal case is within the discretion of the trial judge and his exercise of such discretion will not be reviewed by appellate courts unless its clear abuse appears, but it should appear upon the record that something has made it probable that a fair trial cannot be had.

5. Same—Mistrial—Discretion of Court—Continuances—Illness of Attorney—Absence of Juror.

In the trial of defendant charged with murder it was not an abuse of discretion on the part of the trial judge to declare a mistrial after four successive continuances over a period of 10 weeks where trial had been unexpectedly prolonged, material witness had refused to testify, trial judge had been assigned to try criminal cases in another circuit, defendant's attorney had been confined to hospital, and the illness of a member of the family of one of the jurors necessitated her absence.

Habeas Corpus proceedings by Carl Richard Earle with ancillary certiorari to Saginaw Circuit Judge to obtain his release from custody. Submitted October 8, 1946. (Calendar No. 43,478.) Discharge denied December 2, 1946.

*David E. McLaughlin,* for petitioner.

*Foss O. Eldred,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Daniel ▸ J. O'Hara,* Assistant Attorney General, *Donald W. Gilbert,* Prosecuting Attorney, and *Kenneth W. Cole,* First Assistant Prosecuting Attorney, for the people.

Bushnell, J.   Petitioner Carl Richard Earle seeks a writ of habeas corpus for the purpose of determining the legality of his detention while awaiting a new trial on the charge of murder.

During the May, 1945, term of the circuit court for the county of Saginaw, an information was filed against Louis Earle charging him with the murder of Margaret Estella Wittebols. At the September

term of court in the same year a separate information was filed charging petitioner Carl Richard Earle with the murder of the same person. In November the people filed a motion seeking an order requiring Louis Earle and Carl Earle to be tried jointly. This was opposed by Louis and the court directed that they be tried separately.

The trial of Louis was begun on December 6, 1945. On January 24, 1946, when the jury was unable to agree upon a verdict, it was discharged and Louis still awaits another trial. During his first trial, when Louis testified in his own behalf, he implicated his uncle Carl Earle.

The trial of petitioner Carl Earle was begun on March 26th, but a jury was not secured until April 9th. On April 16th, Louis Earle was called as a witness for the people and, after stating his name and residence, he refused to answer any further questions, generally responding with the statement, "I do not care to talk in this case." Louis was interrogated as to this refusal in open court before the jury in Carl's case. Counsel for defense suggested that this discussion should be in the absence of the jury, but the trial judge proceeded to inquire why Louis refused to answer questions. After considerable colloquy the jury was excused but not until after the court had made the following statement in its presence:

"Well, I will tell you what we will do, you may go back to the place you come in from this morning and you can stay there until you make up your mind to talk. This court wants the record to show that the witness in this case is also accused of the same offense as the defendant in the case is accused of; that he was tried in a previous term of court and that in that trial he was called as a witness in his own behalf and testified in his own behalf and that he has been properly brought into court this morn-

ing and has been asked a proper question; he has refused to answer that question of the prosecuting attorney, or made by the prosecuting attorney, and that in response to an order by the court he has refused to give any testimony, and with that, why I think we will excuse the witness from the witness stand, but you will remain in court.''

Petitioner's counsel objected to any adjournment and urged that Carl Earle was entitled to a speedy disposition of the cause without undue delay. Further discussion ensued with respect to the testimony which Louis gave at his own trial. He was thereafter recalled to the stand, questioned further, and then informed that he was guilty of contempt of court in refusing to testify. Louis was remanded to the custody of the sheriff to give him an opportunity to confer with his own attorney, and the Carl Richard Earle case was adjourned until April 30th. In response to counsel's charge that the matter had already been adjourned longer than was necessary the court said:

''We are now in the eighth day of this trial, that the trial for the rest of the week will go for the 16th, 17th and 18th of the month of April, and possibly the morning of the 19th, which is the morning of Good Friday, that if it was not concluded at that time it would have to be adjourned during the week of April 21st because of the fact that the judge of the court is required to hear matters in another circuit of this State, namely, the circuit of Wayne county, and that this appointment to Wayne county has to do with the hearing of criminal cases there— motions and criminal cases there for which the defendants therein have been waiting disposition since the second week of January of this year; that when this case was commenced on the 26th day of March it was deemed in the opinion of this court and the presiding judge of the court would be ample time

to dispose of the case, however, we did not look for the interruption which has occurred this morning. I think the witness is entitled to time in which to confer with counsel. It is the understanding of the court that his attorney is now in the hospital, and by his attorney I refer to Mr. Robert J. Curry of this bar. While he might be able to confer with his attorney sometime before this week is over, we cannot continue the trial of this case during the week of April 21st because of the assignment of the judge for Wayne county, and the only thing we could do this morning is to set the continuance of this trial until Tuesday, April 30, 1946.''

On April 30th the case was adjourned to May 14th by consent because of the illness of the defendant's counsel. On May 14th the cause was again continued for the same reason until June 11th. On June 11th the cause was again continued on defendant's motion until June 25th.

On June 25th the court made the following statement on the record:

''Let the record show that number 9 in the jury box Illa Bartlett is absent and her absence is due to the fact that since we were here before, one of the members of her family has been taken ill and it was necessary for her to take him to some specialist in another city here in the United States or Canada and she had to accompany him for that reason when she notified Judge Holland, the presiding judge, and we conferred, under the circumstances she was excused from the jury.

''Now then, in view of the fact that we have already spent 7½ days in the hearing of this trial and because of certain events which have transpired at the hearing when we were here last together and because this matter has been adjourned through no fault of anyone's excepting that the attorney for the defendant was very seriously ill, it seems to the court that we have, and in view of the fact this

juror was excused under those circumstances, it seems to the court there is no further use in pro-ceeding in this trial and consequently, on its own motion of the court feels that there has been a mis-trial in this case and even though we would proceed to take further testimony in the case that it would be a waste of time because of the error that has already crept into the case and consequently, with-out doing anything further in the case this morning and in view of all of the circumstances which I have outlined to you here on this record and for the in-formation of the jury, the people and the defendant, for the protection of his rights, and also to eliminate a lot of further expense which will have to be gone all over again, in the opinion of the court, we are taking this step this morning.''

In response to this statement defendant's counsel objected to a mistrial. After testimony was taken regarding the several adjournments and an argu-ment on the legal questions thus raised, the trial judge adhered to his original view and excused the jury from any further consideration of the case.

The record contains an additional statement by the trial judge, from which we quote the following:

''When the record of what transpired in this trial before the jury on April 16, 1946, is considered, to-gether with the long interruption thereafter, there is no doubt but that defendant would have just cause to complain in the event the jury's verdict found him guilty. While the matter of expense to the county should be borne in mind, the more serious consideration must be given to defendant's right to a proper trial on the serious charge here made against him. So far as this court is concerned, he is entitled to a proper trial, and when everything which transpired in the instant trial is taken into consideration, there is no doubt but defendant would have plenty of reason to complain in the event of a

jury's verdict of guilty. This court felt compelled to order a mistrial under all of the circumstances.''

The questions presented by petitioner may be summed up as follows: Does the action taken by the trial judge in this cause constitute a bar to further prosecution and entitle the petitioner to an immediate release from custody?

The general rule is stated in *People* v. *Raider,* 256 Mich. 131, 134:

''Continuance was within the sound discretion of the court. The burden is on the party claiming abuse of discretion to show it. Prejudice to defendant must be apparent or proved to have been at least probable.''

See, also, the following authorities regarding the discretionary right of a trial judge to grant or refuse adjournments: *Gold* v. *Detroit United Railway,* 169 Mich. 178; *People* v. *Fenner,* 217 Mich. 239; *People* v. *Fitzgerald,* 226 Mich. 402; *People* v. *Kotek,* 306 Mich. 408; *People* v. *Schneider,* 309 Mich. 158.

Counsel for petitioner relies on *People* v. *Jones,* 48 Mich. 554; *People* v. *Harding,* 53 Mich. 481; *People* v. *Gardner,* 62 Mich. 307; *People* v. *Taylor,* 117 Mich. 583; *In re Ascher,* 130 Mich. 540 (57 L. R. A. 806); *People* v. *Parker,* 145 Mich. 488; and *People* v. *Schepps,* 231 Mich. 260. An examination of these authorities will disclose that the general rule was applied in each instance. This rule is stated as follows in *People* v. *Brosky,* 222 Mich. 651:

'' 'American authorities generally announce the rule that the power to discharge the jury is within the sound discretion of the trial judge, and that his exercise of such discretion will not be reviewed by the appellate courts unless its clear abuse appears. The power ought, of course, to be used with the

greatest caution, under urgent circumstances, and for very plain and obvious causes.' " 16 R. C. L. p. 321.

The court also observed that circumstances are so varied that it is difficult to lay down any definite rule to be followed, and said:

"While much is necessarily left in such cases to the discretion of the court, we think something should appear upon the record to make it probable that a fair trial cannot be had."

It does not affirmatively appear from the record in the instant case that the trial judge abused his discretion. See *People* v. *Bigge,* 297 Mich. 58, 64. We adhere to the rule quoted in *Re Ascher, supra,* 549, from *United States* v. *Perez,* 9 Wheat. (22 U. S.) 579 (6 L. Ed. 165).

" 'We think, that in all cases of this nature, the law has invested courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject, and it is impossible to define all the circumstances which would render it proper to interfere.' "

The facts in the instant case fall within this rule and there is no showing that the trial judge abused his discretion.

The application for the discharge of the petitioner is denied.

Butzel, C. J., and Carr, Sharpe, Boyles, Reid, and North, JJ., concurred. Dethmers, J., did not sit.