Elbert T. Gallagher, J.
Plaintiff, as tenant, occupies a portion of the premises belonging to the defendant in the City of Yonkers under the terms of a 10-year lease entered into between the parties on September 26, 1952. The space leased consists of approximately two thirds of the area of the building. Plaintiff, in addition, has the right to use the rear yard for parking jointly with other tenants. The lease, paragraph 37 thereof, provides: ‘ ‘ The Landlord hereby grants to the Tenant an option to obtain the balance of the premises commencing December 1st, 1954 after giving two (2) months notice to the Landlord of their desire to obtain the balance of the premises at an agreed rental of two thousand and no/100 ($2,000.00) dollars per year for the balance of said lease.”
Plaintiff exercised the aforesaid option according to its terms, by registered letter dated September 30, 1954. That action was followed by a conversation between representatives of the two corporations the nature of which is in dispute. According to the testimony offered in behalf of the plaintiff it was agreed that plaintiff would not take possession of the balance of the premises until January 1,1955. Defendant denies that there was any such agreement. The question is of little importance. The fact is that the day came and went without any request or demand by the plaintiff for possession and without any tender, actual or oral, of rent therefor. It was not until September, 1956 at the earliest, perhaps not until the *1061 actual commencement of this action, that plaintiff first demanded possession or attempted to exercise any rights with regard thereto. The reason is apparent. In February, 1955 according to the plaintiff, or in the Spring of that year according to defendant, the plaintiff began storing fiberglass bundles, with the permission of defendant, in the rear yard of the premises. The plaintiff needed storage space. The permission granted was limited to certain specified areas of the yard. No rent was charged for such use. As long as it had such permission the plaintiff had no desire and made no attempt to occupy the entire premises at an additional rental of $2,000 a year. In September, 1956, however, the defendant, after learning that the plaintiff was storing its materials in other than the area specified, and after receiving complaints from the other tenants that the storage of such materials was interfering with their parking facilities, informed the plaintiff that it would either have to remove its materials from the rear yard or pay a specified rental for the use and occupancy thereof. Plaintiff refused to remove its goods and declined to pay the rent demanded. Thereafter, plaintiff demanded possession of the balance of the premises pursuant to its option and commenced this action for specific performance. Defendant counterclaimed for possession of the rear yard in which plaintiff continues to store its materials and for damages for the use and occupancy thereof.
The court is of the opinion that having failed to exercise its right to possession over so long a period and having failed over the same period to perform its obligation to tender the rent specified in the option, while at the same time occupying a portion of the premises rent free under a license from the defendant, the plaintiff may not now have specific performance'. If any oral agreement existed between the parties with regard to the renting of that portion of the premises covered by the option, the express provisions of the lease which contains the option preclude the court from giving effect thereto.
The use of the rear yard by plaintiff for storage was not pursuant to the option or the contract which arose upon the exercise thereof but was pursuant to the special and limited permission granted by the defendant. That permission was a mere license, revokable at will and without notice. The license having been revoked the use of the area by the plaintiff for storage constitutes a continuing trespass. Accordingly judgment will be granted dismissing the complaint and in favor of the defendant on its counterclaims for possession subject, of course, to the right of the plaintiff to use the yard for parking *1062 pursuant to the terms of its lease. There is not sufficient evidence upon which the court may determine the reasonable value of the use and occupancy of the yard for storage by the plaintiff and therefore, damages will not be awarded.
This opinion shall constitute the decision of the court.
Settle judgment on notice, with costs to the defendant.