NO. 06-15-00056-CR

RECEIVED IN
The Court of Appeals
Sixth District

MAY 1 8 2015

Texarkana, Texas
Debra Autrey, Clerk

COLLINS

Pro-Se

V.

STATE OF TEXAS

§   IN THE 6TH DISTRICT COURT
§
§
§   OF APPEALS
§
§   TEXARKANNA, TEXAS

FILED IN
The Court of Appeals
Sixth District

MAY 1 8 2015

Texarkana, Texas
Debra K. Autrey, Clerk

## MOTION TO ADD STATEMENT OF DEFENDANT
## TO CURRENTLY FILED APPEAL

TO THE HONORABLE JUSTICES OF COURT;

Comes Now, Defendant Pro-Se, (Collins) who humbly requests that in review of above styled and numbered Appeal NO. 06-15-00056-CR, that a Statement from Defendant (Collins) be considered along with currently filed Brief.

Brief was mailed out on April 16, 2015 by hand delivery to mailroom personnel at C.T. Terrell Unit after sufficient U.S. Postage was insured. Brief was dated April 17, 2015.

Pro-Se Defendant (Collins) would ask this Court to consider Copy of Bill of Cost in Cause NO. 5629-C as additional evidence to above mentioned voidable conviction.

I, Billy Max Collins, Applicant would accert the simple fact that Total Fine and Courtroom Costs could not have been paid through three days in jail, as stated on Criminal Dockett Sheet.

In closing of Statement, I would also accert notice to signature of Tracy Smith, Deputy to Debbie Shirley, Hopkins

1

County Clerk, having been duly signed and authenticated. Alleged Waivers and File Stamps of Mary Attesley are NOT signed by anyone of proper authority.

This amendment of evidence to be incorporated with Applicant's Brief as EXHIBIT F

IN GOD I TRUST,

Billy Max Collins #1884849
1300 F.M. 655
Rosharon, TX 77583

Date 5-14-15

2

# BILL OF COST

## NO. 5629-C

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE COUNTY COURT |
| VS | § | OF |
| BILLY MAX COLLINS | § | HOPKINS COUNTY, TEXAS |

### TO OFFICERS OF COURT, DR.

FINE......................................................................................$500.00
COURT COSTS.....................................................................$127.50

TOTAL FINE & COURT COSTS – PAID TROUGH JAIL TIME...................$627.50

TRANSCRIPT...........................................................................$69.00
TRANSCRIPT (COPY – IF DESIRED).....................................$34.50

TOTAL COURT COSTS FOR TRANSCRIPT & COPY.....................$103.50

THE STATE OF TEXAS          IN THE COUNTY COURT OF HOPKINS
                            COUNTY: COUNTY CLERK OF

HOPKINS COUNTY, do hereby certify the above to be a true and correct copy of the
original bill of cost, now on file in my office.

WITNESS MY HAND AND THE SEAL of said Court affixed at the office in the City of
Sulphur Springs, Texas this 16th day of April, 2016.

DEBBIE SHIRLEY, COUNTY CLERK
HOPKINS COUNTY, TEXAS
BY: _Mary Smith_ DEPUTY
Tracy Smith

be resolved in favor of the liberty of defendant, rather than the exercise of what would be an unlimited, uncertain, and arbitrary judicial discretion.[19] The trial judge must give counsel a full opportunity to be heard and he must give careful consideration to alternatives to a mistrial.[20] There is authority that manifest necessity for declaring a mistrial cannot exist if the trial court has an alternative to declaring a mistrial which protects the rights of both defendant and the state.[21] However, there is also authority that manifest necessity for a mistrial can exist alongside less drastic alternatives, so long as the record discloses that the trial court considered alternatives before declaring a mistrial.[22] In any event, the court has the duty to obtain enough information so that it is clear that a mistrial is actually necessary.[23]

*Retrial for lesser offense.*

When a trial on a higher charge ends in a mistrial so that defendant can be retried on the higher charge, it is not fundamentally unfair for the state to charge and try him for a much lesser offense;[24] this is true whether the lesser offense is or is not a lesser included offense.[25]

## § 231. Discharge of Jury without Verdict

A trial court may, in the exercise of its sound discretion, discharge a jury without the consent of accused when there exists a manifest necessity therefor, and such discharge will not support a plea of former jeopardy.

**Library References**

Criminal Law ⊜181, 182, 184.

LaFave & Israel Criminal Procedure Vol. 3 § 24.2(b).

An accused is placed in jeopardy once he is put on trial before a jury so that if the jury is discharged without his consent he, generally, cannot be tried again.[26] However, the discharge of a jury prior to a verdict of conviction or acquittal is not necessarily, or in all cases, a bar to a subsequent trial of an accused under the same indictment.[27] Generally, there must be a manifest, imperious, urgent, real, or absolute necessity for the discharge of the jury, without it having rendered a verdict,[28] and, when such necessity exists, a plea of former jeopardy will not prevail on a subsequent trial,[29] even though accused does not consent to the discharge of the jury.[30]

On the other hand, if the jury is discharged without verdict and without accused's consent for a reason legally insufficient and without an absolute, imperious, overriding, or overruling necessity for it, the discharge is equivalent to an acquittal, and may be pleaded as a bar to a subsequent indictment,[31] as where the case is taken from the jury for mere matter of conve-

---

19. Me.—State v. Flick, 495 A.2d 339.

20. Mass.—Commonwealth v. Steward, 483 N.E.2d 1091, 396 Mass. 76.

N.Y.—People v. Ferguson, 494 N.E.2d 77, 67 N.Y.2d 383, 502 N.Y.S.2d 972.

21. Me.—State v. Friel, 500 A.2d 631.

22. U.S.—Abdi v. State of Georgia, C.A.Ga., 744 F.2d 1500, rehearing denied 749 F.2d 733, certiorari denied 105 S.Ct. 1871, 471 U.S. 1006, 85 L.Ed.2d 164.

23. N.Y.—People v. Ferguson, 494 N.E.2d 77, 67 N.Y.2d 383, 502 N.Y.S.2d 972.

24. S.C.—State v. Mills, 314 S.E.2d 324, 281 S.C. 60, certiorari denied Mills v. South Carolina, 105 S.Ct. 324, 469 U.S. 930, 83 L.Ed.2d 261.

25. S.C.—State v. Mills, 314 S.E.2d 324, 281 S.C. 60, certiorari denied Mills v. South Carolina, 105 S.Ct. 324, 469 U.S. 930, 83 L.Ed.2d 261.

Applicability of double jeopardy to prosecution for lesser included offense see infra § 251.

26. U.S.—Green v. U.S., App.D.C., 78 S.Ct. 221, 355 U.S. 184, 2 L.Ed.2d 199.

27. U.S.—U.S. v. Crosley, E.D.Pa., 634 F.Supp. 28, affirmed 787 F.2d 584.

Conn.—State v. Van Sant, 503 A.2d 557, 198 Conn. 369.

Ill.—People v. Thomas, 155 N.E.2d 16, 15 Ill.2d 344, certiorari denied Thomas v. Illinois, 79 S.Ct. 1143, 359 U.S. 1005, 3 L.Ed.2d 1034.

Mass.—Commonwealth v. Steward, 483 N.E.2d 1091, 396 Mass. 76.

Ohio—State v. Palmieri, App., 46 N.E.2d 318, 28 O.L.A. 398, 13 O.O. 517, appeal dismissed 18 N.E.2d 985, 135 Ohio St. 30, 13 O.O. 526.

28. U.S.—Oregon v. Kennedy; Or., 102 S.Ct. 2083, 456 U.S. 667, 72 L.Ed.2d 416, on remand State v. Kennedy, 657 P.2d 717, 61 Or.App. 469, affirmed 666 P.2d 1316, 295 Or. 260—Wade v. Hunter, Kan., 69 S.Ct. 834, 336 U.S. 684, 93 L.Ed. 974, rehearing denied 69 S.Ct. 1152, 337 U.S. 921, 93 L.Ed. 1730.

U.S. v. Jarvis, C.A.9(Cal.), 792 F.2d 767, certiorari denied 107 S.Ct. 182, 479 U.S. 852, 93 L.Ed.2d 116.

Ill.—People v. Thomas, 155 N.E.2d 16, 15 Ill.2d 344, certiorari denied Thomas v. Illinois, 79 S.Ct. 1143, 359 U.S. 1005, 3 L.Ed.2d 1034.

N.Y.—McCabe v. County Court of Bronx County, 199 N.Y.S.2d 247, 24 Misc.2d 477.

29. U.S.—Wade v. Hunter, Kan., 69 S.Ct. 834, 336 U.S. 684, 93 L.Ed. 974, rehearing 69 S.Ct. 1152, 337 U.S. 921, 93 L.Ed. 1730.

Blair v. White, C.C.A.Kan., 24 F.2d 323.

Ill.—People v. Thomas, 155 N.E.2d 16, 15 Ill.2d 344, certiorari denied Thomas v. Illinois, 79 S.Ct. 1143, 359 U.S. 1005, 3 L.Ed.2d 1034.

Mich.—Ex parte Earle, 25 N.W.2d 202, 316 Mich. 295.

Nev.—State v. Helm, 209 P.2d 187, 66 Nev. 286, certiorari denied Helm v. State of Nevada, 70 S.Ct. 794, 339 U.S. 942, 94 L.Ed. 1358.

30. Ky.—Baker v. Commonwealth, 132 S.W.2d 766, 280 Ky. 165.

31. U.S.—Cornero v. U.S., C.C.A.Cal., 48 F.2d 69.

I should not suffer from Pd, or Court appointed attorneys that do not know how to apply the law!!

*← Ramsay Dismissed for his convience* [handwritten annotation]

nience.[32]

The courts are to determine in their discretion whether under all the circumstances of each case imperious or urgent necessity exists.[33] The determination by the trial court to abort a criminal proceeding where jeopardy has attached is not one to be lightly undertaken, since the interest of defendant in having his fate determined by the jury first impaneled is itself a weighty one.[34] Although the trial court's view as to the necessity for discharging the jury is entitled to deference,[35] its discretion is not unlimited;[36] the court cannot act arbitrarily or capriciously.[37] No abstract formula should be mechanically applied,[38] and all circumstances should be taken into account.[39]

*Right to have trial completed by a particular tribunal.*

As discussed supra § 208, the constitutional protection against double jeopardy embraces defendant's valued right to have his trial completed by a particular tribunal; such right means that he has a significant interest in the decision whether to take the case from the jury.[40] However, the right to have the trial concluded by a particular tribunal is sometimes subordinate to the public interest in affording the prosecutor one full and fair opportunity to present his evi-

dence to an impartial jury,[41] and where a trial court properly declares a mistrial, the criminal trial may be terminated before the issue of defendant's guilt has been resolved by that particular tribunal.[42]

## § 232. —— Grounds

The manifest necessity permitting the discharge of a jury without rendering a verdict and without involving double jeopardy may result from various circumstances, such as a defective indictment, the absence of witnesses for the prosecution, prosecutorial misconduct, and the disqualification of jurors.

### Library References

Criminal Law ⚖182, 184.

LaFave & Israel Criminal Procedure Vol. 3 § 24.2(b, c).

The manifest necessity permitting the discharge of a jury without rendering a verdict and without justifying a plea of double jeopardy may arise from various causes or circumstances.[43] Such circumstances must be in the nature of a cause or emergency over which neither court nor attorney has control,[44] or which could not have been averted by diligence and care.[45] The power to declare a mistrial and subject defendant to retrial ought to be used with the greatest caution, under urgent circumstances and for very plain and obvious causes.[46]

The court may discharge the jury without

---

U.S. v. Harriman, D.C.N.Y., 130 F.Supp. 198.

Cal.—People v. Valenti, 316 P.2d 633, 49 C.2d 199.

Ky.—Lillard v. Commonwealth, 267 S.W.2d 712.

N.J.—State v. Locklear, 108 A.2d 436, 16 N.J. 232.

**32.** U.S.—U.S. v. Harriman, D.C.N.Y., 130 F.Supp. 198.

N.Y.—People v. Colon, 184 N.Y.S.2d 537, 18 Misc.2d 1061.

**33.** U.S.—Wade v. Hunter, Kan., 69 S.Ct. 834, 336 U.S. 684, 93 L.Ed 974, rehearing denied 69 S.Ct. 1152, 337 U.S. 921, 93 L.Ed. 1730.

N.M.—State v. Brooks, 279 P.2d 1048, 59 N.M. 130.

N.Y.—People ex rel. Epting v. De Voe, 136 N.Y.S.2d 650, 284 A.D. 1092, affirmed 130 N.E.2d 616, 309 N.Y. 818.

**34.** U.S.—Illinois v. Somerville, Ill., 93 S.Ct. 1066, 410 U.S. 458, 35 L.Ed.2d 425.

**35.** N.Y.—People v. Ferguson, 494 N.E.2d 77, 67 N.Y.2d 383, 502 N.Y.S.2d 972.

**36.** N.Y.—People v. Ferguson, 494 N.E.2d 77, 67 N.Y.2d 383, 502 N.Y.S.2d 972.

**37.** N.Y.—People v. Colon, 184 N.Y.S.2d 537, 18 Misc.2d 1061.

Okl.—Yarbrough v. State, 210 P.2d 375, 90 Okl.Cr. 74.

**38.** U.S.—Wade v. Hunter, Kan., 69 S.Ct. 834, 336 U.S. 684, 93 L.Ed. 974, rehearing denied 69 S.Ct. 1152, 337 U.S. 921, 93 L.Ed. 1730.

**39.** U.S.—Wade v. Hunter, Kan., 69 S.Ct. 834, 336 U.S. 684, 93 L.Ed. 974, rehearing denied 69 S.Ct. 1152, 337 U.S. 921, 93 L.Ed. 1730.

Mich.—Ex parte Earle, 25 N.W.2d 202, 316 Mich. 295.

**40.** Me.—State v. Flick, 495 A.2d 339.

**41.** U.S.—Arizona v. Washington, Ariz., 98 S.Ct. 824, 434 U.S. 497, 54 L.Ed.2d 717.

**42.** Colo.—People v. Schwartz, 678 P.2d 1000.

**43.** Iowa—State v. Critelli, 24 N.W.2d 113, 237 Iowa 1271.

**44.** Cal.—People v. Valenti, 316 P.2d 633, 49 C.2d 199.

Ohio—State v. Palmieri, App., 46 N.E.2d 318, 28 O.L.A. 398, 13 O.O. 517, appeal dismissed 18 N.E.2d 985, 135 Ohio St. 30, 13 O.O. 526.

Utah—State v. Whitman, 74 P.2d 696, 93 Utah 557.

**45.** U.S.—Himmelfarb v. U.S., C.A.Cal., 175 F.2d 924, certiorari denied 70 S.Ct. 103, 338 U.S. 860, 94 L.Ed. 527, and Ormont v. U.S., 70 S.Ct. 103, 338 U.S. 860, 94 L.Ed. 527.

**46.** U.S.—U.S. v. Wilson, Pa., 95 S.Ct. 1013, 420 U.S. 332, 43 L.Ed.2d 232—Downum v. U.S., Tex., 83 S.Ct. 1033, 372 U.S. 734, 10 L.Ed.2d 100.

**Mistrial to enable government witnesses to consult with attorneys**

Trial judge, who, on his own motion, declared mistrial to enable government's witnesses to consult with their own attorneys abused his discretion in discharging jury and reprosecution of defendant would violate double jeopardy provision of Fifth Amendment.

U.S.—U.S. v. Jorn, Utah, 91 S.Ct. 547, 400 U.S. 470, 27 L.Ed.2d 543 (per Mr. Justice Harlan, three justices concurring and two justices concurring in judgment).

**Prior relationship of judge with victim**

Disqualification of trial judge based on his prior relationship with robbery victim clearly necessitated declaration of mistrial, and subse-

after the jury have been impaneled, there is former jeopardy.[7]

## E. MISTRIAL; DISCHARGE OF JURY WITHOUT VERDICT

### § 230.  Mistrial in General

When a mistrial is declared over defendant's objection, the government has the right to retry the defendant only where there is manifest necessity for the act, or the ends of public justice would otherwise be defeated.

**Library References**

Criminal Law ⚖=182, 184.

LaFave & Israel Criminal Procedure Vol. 3 § 24.2(b).

Generally, the double jeopardy clause does not prevent the government from forcing defendant to submit to a second trial where the first trial ended in a mistrial.[8] The practical justification for the exception to the "one trial" rule so as to permit a retrial of defendant after a mistrial is simply that it is fairer to both defendant and the government.[9] However, when a mistrial is declared over defendant's objection, the government has the right to retry defendant only where there is manifest necessity for the act,[10] or the ends of public justice would otherwise be defeated.[11] In effect, the manifest necessity test protects defendant against bad faith conduct by the judge or prosecutor which results in a mistrial being declared and gives the prosecution a more favorable opportunity to convict defendant.[12]

Manifest necessity for declaring a mistrial admits of no precise formulation[13] or mechanical application,[14] for the high degree of necessity mandated by the phrase can be found in a variety of circumstances;[15] accordingly, the degree of deference to be accorded the trial judge's determination of manifest necessity varies with the circumstances of each case.[16] The strictest scrutiny is applied to the court's determination where accused claims that the mistrial was intentionally caused by the prosecution.[17] At the other end of the spectrum, great deference is accorded the trial judge's conclusion that a mistrial is required because of a deadlocked jury.[18] Any doubt must

---

7.  Kan.—State v. Rush, 26 P.2d 581, 138 Kan. 465.

N.Y.—People ex rel. Sabatina v. Jennings, 177 N.Y.S. 210, 108 Misc. 93, 37 N.Y.Cr. 550, affirmed 185 N.Y.S. 949, 194 A.D. 950.

Tex.—Garza v. State, Cr.App., 658 S.W.2d 152, certiorari denied Texas v. Garza, 104 S.Ct. 194, 464 U.S. 863, 78 L.Ed.2d 171.

8.  U.S.—U.S. v. Scott, Mich., 98 S.Ct. 2187, 437 U.S. 82, 57 L.Ed.2d 65, on remand 579 F.2d 1013, certiorari denied 99 S.Ct. 1266, 440 U.S. 929, 59 L.Ed.2d 486, rehearing denied 99 S.Ct. 226, 439 U.S. 883, 58 L.Ed.2d 197—Jeffers v. U.S., Ind., 97 S.Ct. 2207, 432 U.S. 137, 53 L.Ed.2d 168, rehearing denied 98 S.Ct. 241, 434 U.S. 880, 54 L.Ed.2d 164—Lee v. U.S., Ind., 97 S.Ct. 2141, 432 U.S. 23, 53 L.Ed. 2d 80—U.S. v. Tateo, N.Y., 84 S.Ct. 1587, 377 U.S. 463, 12 L.Ed.2d 448.

U.S. v. Singer, C.A.8(Minn.), 785 F.2d 228, certiorari denied 107 S.Ct. 273, 479 U.S. 883, 93 L.Ed.2d 249—U.S. v. Borokinni, C.A.Va., 748 F.2d 236.

Mass.—A Juvenile v. Commonwealth, 465 N.E.2d 240, 392 Mass. 52.

9.  U.S.—U.S. v. Wilson, Pa., 95 S.Ct. 1013, 420 U.S. 332, 43 L.Ed.2d 232.

10.  U.S.—Arizona v. Washington, Ariz., 98 S.Ct. 824, 434 U.S. 497, 54 L.Ed.2d 717—U.S. v. Sanford, Mont., 97 S.Ct. 20, 429 U.S. 14, 50 L.Ed.2d 17, on remand 547 F.2d 1085—U.S. v. Dinitz, Fla., 96 S.Ct. 1075, 424 U.S. 600, 47 L.Ed.2d 267, on remand 538 F.2d 1214, rehearing denied 542 F.2d 1174, certiorari denied 97 S.Ct. 1133, 429 U.S. 1104, 51 L.Ed.2d 556—U.S. v. Wilson, Pa., 95 S.Ct. 1013, 420 U.S. 332, 43 L.Ed.2d 232.

U.S. v. Perez, 22 U.S. 579, 9 Wheat. 579, 6 L.Ed. 165.

U.S. v. Wells, C.A.10(Colo.), 790 F.2d 73.

Conn.—State v. Van Sant, 503 A.2d 557, 198 Conn. 369.

D.C.—U.S. v. Glover, 731 F.2d 41, 235 U.S.App.D.C. 194.

Me.—State v. Friel, 500 A.2d 631.

Nev.—State v. Connery, 679 P.2d 1266, 100 Nev. 256.

11.  U.S.—U.S. v. Sanford, Mont., 97 S.Ct. 20, 429 U.S. 14, 50 L.Ed.2d 17, on remand 547 F.2d 1085—U.S. v. Dinitz, Fla., 96 S.Ct. 1075, 424 U.S. 600, 47 L.Ed.2d 267, on remand 538 F.2d 1214, rehearing denied 542 F.2d 1174, certiorari denied 97 S.Ct. 1133, 429 U.S. 1104, 51 L.Ed.2d 556—U.S. v. Wilson, Pa., 95 S.Ct. 1013, 420 U.S. 332, 43 L.Ed.2d 232—U.S. v. Jorn, Utah, 91 S.Ct. 547, 400 U.S. 470, 27 L.Ed.2d 543 (per Mr. Justice Harlan, three justices concurring in judgment)—Gori v. U.S., N.Y., 81 S.Ct. 1523, 367 U.S. 364, 6 L.Ed. 2d 901, rehearing denied 82 S.Ct. 25, 368 U.S. 870, 7 L.Ed.2d 70.

U.S. v. Perez, 22 U.S. 579, 9 Wheat. 579, 6 L.Ed. 165.

U.S. v. Salvador, C.A.Ariz., 740 F.2d 752, certiorari denied 105 S.Ct. 978, 469 U.S. 1196, 83 L.Ed.2d 980.

Mo.—State v. Fitzpatrick, 676 S.W.2d 831.

N.J.—State v. Abbati, 493 A.2d 513, 99 N.J. 418.

12.  Colo.—People v. Schwartz, 678 P.2d 1000.

13.  U.S.—Abdi v. State of Georgia, C.A.Ga., 744 F.2d 1500, rehearing denied 749 F.2d 733, certiorari denied 105 S.Ct. 1871, 471 U.S. 1006, 85 L.Ed.2d 164.

14.  U.S.—Abdi v. State of Georgia, C.A.Ga., 744 F.2d 1500, rehearing denied 749 F.2d 733, certiorari denied 105 S.Ct. 1871, 471 U.S. 1006, 85 L.Ed.2d 164.

15.  U.S.—Abdi v. State of Georgia, C.A.Ga., 744 F.2d 1500, rehearing denied 749 F.2d 733, certiorari denied 105 S.Ct. 1871, 471 U.S. 1006, 85 L.Ed.2d 164.

16.  U.S.—U.S. v. Jarvis, C.A.9(Cal.), 792 F.2d 767, certiorari denied 107 S.Ct. 182, 479 U.S. 852, 93 L.Ed.2d 116—U.S. v. Jaramillo, C.A. Nev., 745 F.2d 1245, certiorari denied 105 S.Ct. 2142, 471 U.S. 1066, 85 L.Ed.2d 499.

17.  U.S.—U.S. v. Jarvis, C.A.9(Cal.), 792 F.2d 767, certiorari denied 107 S.Ct. 182, 479 U.S. 852, 93 L.Ed.2d 116.

18.  U.S.—U.S. v. Jarvis, C.A.9(Cal.), 792 F.2d 767, certiorari denied 107 S.Ct. 182, 479 U.S. 852, 93 L.Ed.2d 116.