COMMONWEALTH vs. ALAN W. PHILLIPS.

Middlesex.  September 14, 1981. — October 5, 1981.

Present: HALE, C.J., GRANT, & BROWN, JJ.

*Constitutional Law,* Double jeopardy.  *Practice, Criminal,* Double
    jeopardy, Mistrial.

Where, after the jurors had been empanelled for a District Court trial,
    the judge, having ascertained that the trial would run beyond the
    court's normal time for adjournment, declared a mistrial apparently
    because of his perceived need to honor his assignment in another court
    the following day and where counsel were not present when the mis-
    trial was declared and were not given an opportunity to express their
    thoughts on the matter to the judge, there was no showing of a mani-
    fest necessity for the declaration of a mistrial and, since jeopardy had
    attached, the defendant's subsequent motion to dismiss the complaint
    should have been allowed.  [487-488]

COMPLAINT received and sworn to in the First Northern
Middlesex Division of the District Court Department on
April 5, 1980.

Upon appeal to the Lowell Division for trial by jury of
six, a motion to dismiss was heard by *Chernoff,* J., and the
case was tried before him.

*Robert F. Casey, Jr.,* for the defendant.
*Robert M. Raciti,* Assistant District Attorney, for the
Commonwealth.

HALE, C.J.  The defendant has appealed from his convic-
tion on a complaint charging him with operating a motor
vehicle while under the influence of intoxicating liquor
(G. L. c. 90, § 24[1][a]).  After the denial of his motion to
dismiss, which was based on the ground of former jeopardy,
the defendant was tried before a jury of six in a District
Court, found guilty and fined.  The only issue raised on ap-
peal is whether there was error in the denial of his motion to

dismiss. The case is before us on an agreed statement of the record. Mass.R.A.P. 8(d), as amended, 378 Mass. 932 (1979).

It appears from that statement that this case was initially called for trial on May 28, 1980. On that date, counsel indicated their readiness to go to trial and were assigned to one of the trial sessions being held that day. Because the judge in that session was involved in a hearing on a motion in an unrelated matter, a jury was empanelled and sworn before another judge, and the time for trial was set for two o'clock that afternoon. The judge before whom the case was to be heard was sitting in that court on a one-day assignment.

At about 2:00 P.M. the judge's courtroom clerk asked counsel for their estimate of the time required for trial. Based on those estimates, it appeared that the trial would run beyond the court's normal time for adjournment (4:00 P.M.). The clerk then informed counsel that "the case would be declared a mistrial," and the judge, apparently because of his perceived need to honor his assignment in another court on the following day, subsequently declared a mistrial. Counsel were not present when the mistrial was declared, nor were they given an opportunity to express their thoughts on the matter to the judge.

Once a jury was empanelled and sworn, jeopardy attached. *Serfass* v. *United States*, 420 U.S. 377, 388 (1975). *Commonwealth* v. *Ludwig*, 370 Mass. 31, 33 (1976). The only issue before us is "the propriety of the judge's decision to discontinue the proceeding." *Commonwealth* v. *Clemmons*, 370 Mass. 288, 292 (1976).

There was no occasion for the precipitate action of the judge to whom the case was assigned for trial. Once it became apparent to him that he might be unable to hear the defendant's case and meet his commitment to sit in another court on the following day, he had a number of alternatives available to him short of a declaration of a mistrial. Consultation with counsel, for example, might well have resulted in an agreement with respect to a mistrial, or the case

could have been sent back to the judge who had empanelled the jury or assigned to another judge who might be available. A telephone call to the office of the Administrative Justice of the District Court Department might well have resulted in a change of the judge's assignment for the following day or for such part thereof as would be necessary for the completion of the trial. The failure of the judge who declared the mistrial to consider such alternatives compels the conclusion that the Commonwealth has not only failed to meet its burden to show that there was a "manifest necessity" for the declaration of a mistrial (*Arizona* v. *Washington,* 434 U.S. 497, 505 [1978]), it has shown virtually no necessity. See *Jones* v. Commonwealth, 379 Mass. 607, 617-619 (1980). The authorities cited and the reasoning set out in *Commonwealth* v. *Donovan,* 8 Mass. App. Ct. 313, 315-317 (1979), are also applicable to this case.

The judgment is reversed. The order denying the defendant's motion to dismiss is reversed, and an entry is to be made on the docket of the District Court of "Complaint dismissed."

*So ordered.*