COMMONWEALTH *vs.* PYBURN CONSTRUCTION CORP. November 25, 1983. *Practice, Criminal,* Mistrial, Double jeopardy.

A judge presiding over the trial to a jury of six of a complaint framed under G. L. c. 90, § 19A, obviously disturbed by several improprieties in the closing argument of defense counsel, declared a mistrial at the request of the Commonwealth but over the objection of the defendant. The judge subsequently assessed the costs of the aborted trial to defense counsel and set a new date for trial. The defendant moved to dismiss the complaint on the ground of double jeopardy, contending that there had been no "manifest necessity" (*Arizona* v. *Washington,* 434 U.S. 497, 505-506 [1978]) for the declaration of a mistrial. The motion was denied, and a single justice of the Supreme Judicial Court allowed an appeal from the order of denial and transferred the case to this court for briefing and argument. The

order for the payment of costs has been stayed pending the appeal. We have studied the record with care and are unable to conclude, as the Commonwealth would have us do, that the "record reflects that the trial judge gave reasoned consideration to the various available alternatives as well as to questions of fairness before declaring a mistrial." *Jones* v. *Commonwealth,* 379 Mass. 607, 622 (1980). In such circumstances, we are not required to defer to the trial judge's implicit determination of "manifest necessity" and are free to make that determination on our own. *Barton* v. *Commonwealth,* 385 Mass. 517, 519-520 (1982). In our view, there was nothing in the defendant's closing argument which could not have been cured by forceful instructions to the jury, given either during the argument or in the course of the charge. Accordingly, the order denying the motion to dismiss is reversed, and a new order is to be entered dismissing the complaint on the ground of double jeopardy. The order staying the payment of the costs of trial is vacated, and execution is to issue against defense counsel for the costs already assessed. As it was defense counsel who unnecessarily provoked the mistrial, he is also to bear the defendant's costs under Mass.R.A.P. 8(b) (3) (vi), inserted by 388 Mass. 1106 (1983), which took effect on April 1, 1983.

*So ordered.*

*Kevin F. Bowen* for the defendant.

*Dyanne Klein Polatin,* Assistant District Attorney, for the Commonwealth.