Picard v. Commonwealth.

ALBERT PICARD vs. COMMONWEALTH.

Suffolk. February 5, 1987. — May 26, 1987.

Present: WILKINS, LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

Constitutional Law, Double jeopardy. Practice, Criminal, Mistrial, Judicial discretion, Double jeopardy.

Where the mere reiteration of a curative instruction by the judge at the first trial of a defendant on two criminal indictments would have been sufficient to avoid prejudice to the prosecution, and where the judge at the first trial had acted without meaningful consideration of alternatives before declaring a mistrial because of damage done by defense counsel's "unfair questioning of [a] witness" and apparent "lack of respect . . . for the Court," there was no showing of manifest necessity for the declaration of a mistrial and, prior to a second trial, the defendant was entitled to dismissal of both indictments on grounds of double jeopardy. [117-119]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on June 30, 1986.

The case was reported by Wilkins, J.

Janice A. Healy for the defendant.

J. Jeffrey Yelle, Assistant District Attorney, for the Commonwealth.

LIACOS, J. The defendant, Albert Picard, was brought to trial before a jury on two indictments charging him with vehicular homicide. During cross-examination of the Commonwealth's first witness, the judge declared a mistrial. Prior to the second trial, the defendant filed a motion to dismiss both indictments on double jeopardy grounds. The motion was denied by the same judge who declared the mistrial. The defendant then petitioned this court for relief pursuant to G. L. c. 211, § 3 (1984 ed.); a single justice reserved decision and reported the case to the full court pursuant to Mass. R. Civ. P. 64, 365 Mass. 831 (1974). We conclude that the defendant is entitled to dismissal of the indictments.

The facts are these. On February 25, 1985, the defendant's case was called for trial. The jury were empanelled and sworn. The prosecutor made an opening statement, then examined the Commonwealth's first witness, Colin Godet, the son of the alleged victim. During cross-examination, a contretemps between defense counsel and the judge resulted in a mistrial. It unfolded as follows:

DEFENSE COUNSEL: "Mr. Godet, what's your mother's name?"

THE WITNESS: "Mary Godet."

DEFENSE COUNSEL: "Now, are you aware of any suit which she has filed since the accident?"

THE PROSECUTOR: "Objection."

THE JUDGE: "That goes out. Don't answer that. That is just immaterial to this case."

DEFENSE COUNSEL: "Your Honor, there is a civil lawsuit which could have a bearing on this."

THE PROSECUTOR: "Objection."

THE JUDGE: "Wait a minute now. I have excluded it. You're saying it now in front of the jury. You're bringing it to their attention."

DEFENSE COUNSEL: "Excuse me, your Honor. Mr. Godet, has your mother or your father's estate filed a suit resulting from this accident?"

THE PROSECUTOR: "Objection."

THE JUDGE: "Do you want me to call a mistrial because of your conduct?"

DEFENSE COUNSEL: "No, I don't.[1] Excuse me, your Honor. The question is withdrawn."

THE JUDGE: "The jury will ignore those questions. They have nothing to do with this criminal case. Now, I think that is unfair for you to be doing that. If the District Attorney wants a mistrial, I'll call a mistrial. I think it's unfair."

THE PROSECUTOR: "May I see you at side bar?"

THE JUDGE: "I'll not only call a mistrial, I'll fine you because I have already told you not to do this."

---

[1] We treat this case as one in which a mistrial was declared over the objection of the defendant.

DEFENSE COUNSEL: "Your Honor, I'm sorry if I misunderstood —"

THE JUDGE: "I don't care if you're sorry or not."

THE PROSECUTOR: "I would be pressing for a mistrial."

THE JUDGE: "The mistrial is granted."

THE JUDGE: "I'm going to call a mistrial on this case. Those questions are really prejudicial to this case and for an attorney to do that, and then when I direct him not to do it, to continue to do it — you're lucky I don't fine you. The jury will be excused and this case will go back to the list for a new jury."

We note that, while the judge may have been wrong in his evidentiary ruling,[2] defense counsel was wrong to pursue the point within the hearing of the jury.[3] He should have sought a side bar conference. He did not do so. Neither wrong is dispositive, however.

"The double jeopardy provision [4] protects one not merely from double punishment but from double trials. . . . '[I]n view of the importance of the right, and the fact that it is frustrated by any mistrial, the prosecutor must shoulder the burden of justifying the mistrial if he is to avoid the double jeopardy bar. His burden is a heavy one.' *Arizona* v. *Washington,* [434 U.S. 497, 505 (1978)]. See *Wade* v. *Hunter,* 336 U.S. 684, 689

---

[2] See *Commonwealth* v. *Elliot,* 393 Mass. 824, 828 (1985) (defendant may question victim about civil suit based on the crime charged to reveal bias and personal interest). See also G. L. c. 229, §§ 1, 2 (1984 ed.) (child of deceased in wrongful death action entitled to portion of damages recovered).

[3] Defense counsel also submitted a sworn affidavit in support of the motion to dismiss. His characterization therein of his behavior after the judge sustained the prosecutor's first objection (that he "attempted to lay a better foundation by asking the witness his mother's name, and whether he lived with her, to show that her civil suit could benefit him") is not wholly supported by the record. However, the fact that the witness was nineteen years old and was the son of the victim and was living with his mother and sister was before the judge when he made his rulings.

[4] The Fifth Amendment to the United States Constitution provides in pertinent part: "[n]o person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb." See *Commonwealth* v. *Roby,* 12 Pick. 496, 501 (1832); *Commonwealth* v. *Steward,* 396 Mass. 76, 78 (1985) ("double jeopardy principles have long been a part of the common law of Massachusetts").

(1949). This burden consists of demonstrating 'manifest necessity' [for declaration of a mistrial]." *Commonwealth* v. *Steward,* 396 Mass. 76, 78-79 (1985).

In denying the defendant's motion to dismiss, the judge held that a mistrial was necessary because no curative instructions could have mitigated the damage done by (1) defense counsel's "unfair questioning of the witness" and (2) his apparent "lack of respect . . . for the Court." The first contention, focusing on unfairness to the prosecution, is belied by the fact that the judge initially responded to counsel's disclosure of the pendency of a civil suit with a curative instruction to disregard that disclosure. Once the cat was out of the bag, as it were, counsel's more specific question as to the suit "resulting from this accident" added no significant prejudice to the Commonwealth.[5] Where the mere reiteration of a curative instruction is sufficient to avoid prejudice, the necessity for a mistrial is not manifest.

Turning to the judge's second basis for declaring the mistrial, we recognize his concern that the vociferousness of his own reaction to the defendant's counsel "was not lost on the jury . . . resulting in prejudice to the defendant." However, we are "deferential to the trial judge's exercise of discretion in ruling that a 'manifest necessity' exists for a mistrial 'only if it is clear from the record that the judge has given careful consideration to the available alternatives and to the defendant's interest in having the trial concluded in a single proceeding.' *Barton* v. *Commonwealth,* 385 Mass. 517, 519 (1982). The discretion of a trial judge where double jeopardy is concerned is more restricted than the discretion commonly granted to trial judges for more routine matters that arise before, during, and after trials. *Jones* v. *Commonwealth,* 379 Mass. 607, 617 (1980)." *Commonwealth* v. *Steward, supra* at 79.

Additionally, we have stated that, before a mistrial is declared, "counsel must be given full opportunity to be heard." *Id.* No opportunity was given counsel to argue the propriety

---

[5] The fact that the evidence is arguably admissible, see note 2, *supra,* adds strength to this comment.

of the question or of the necessity of a mistrial. We must conclude that the judge responded without meaningful consideration of alternatives. Thus, no "manifest necessity" for a mistrial was shown.

It follows that the defendant's motion for dismissal on double jeopardy grounds should have been granted. The case is remanded to the single justice for the entry of an order allowing the motion.

*So ordered.*