## MOSES COLLINS *vs.* COMMONWEALTH.

Suffolk. March 3, 1992. - April 6, 1992.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal*, Double jeopardy, Mistrial.

Unavailability of the prosecutor on the second day of a criminal trial, owing to the death of his father-in-law, did not warrant the judge in declaring a mistrial over the defendant's objection and without inquiring, as defense counsel requested, whether it would be feasible for the jurors to return one week later; retrial of the defendant thus was barred under common law double jeopardy principles. [351-352]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on October 10, 1990.

The case was heard by *Greaney*, J.

*Michael R. Schneider*, Committee for Public Counsel Services, for Moses Collins.

*Pamela L. Hunt*, Assistant Attorney General, for the Commonwealth.

WILKINS, J. At the opening of court on the second day of Moses Collins's trial for unlawful possession of a sawed-off shotgun and ammunition, an assistant district attorney reported to the judge that the prosecutor was unavailable because his father-in-law had died. The Commonwealth immediately moved for a mistrial, stating, in response to a question from the judge, that the prosecutor was expected to be unavailable for one week.[1]

The following colloquy then took place between the judge and defense counsel:

---

[1]For convenience of understanding, we shall refer to Collins as the defendant.

DEFENSE COUNSEL: "At this point, I would ask that Your Honor consider asking the jurors whether they could make themselves available and/or direct that they make themselves available to present themselves to resume hearing the case sometime next week when [the prosecutor] is back. We have already gone through a fair amount of painstaking care picking the jury yesterday, and I believe it's a good cross section that we have chosen, and so I would ask that. I think that that would be the last [*sic*] — an alternative least restrictive on Mr. Collins' rights to a jury that has already been picked and impaneled and sworn."

THE JUDGE: "I'm not inclined to do that, [counsel]. You are entitled to protect the record, of course. I think that that's just too long to keep a jury of fourteen people who may have other plans, being held together for a trial to start next week. My experience shows that you may have trouble when next week comes. You may not have enough jurors to proceed. I will deny that request."

DEFENSE COUNSEL: "If I may just further, for preservation of the record, just point out that when the jurors reported for jury duty, they were prepared certainly to sit in on cases that could take anywhere from a number of weeks to over a month, and that in that sense, their being required to appear next week wouldn't be any different kind of inconvenience than they would ordinarily expect when they reported for jury duty."

"Also, I would just ask, at least, Your Honor, that Your Honor simply ask the jurors, poll the jury, find out if they would be willing and able to do that and if there were more than twelve jurors, I would ask that Your Honor consider at this point simply holding the jury in the case and resuming next week."

THE JUDGE: "I'm not inclined to do that but I will save your rights and, Mr. Clerk, we will allow the motion for a mistrial."

Eight days later the defendant moved to dismiss the indictments on the ground that his right not to be placed in jeopardy twice for the same crime would be violated if the Commonwealth were to try him again. He alleged that there was no manifest necessity for the declaration of a mistrial. The judge denied the motion. That same day a single justice of this court denied the defendant's petition under G. L. c. 211, § 3 (1990 ed.), seeking a stay of further proceedings, "because all the witnesses were present and the retrial was to commence immediately."[2] The defendant appealed from that judgment. He was then placed on trial again. The jury could not agree on a verdict, and the judge declared a mistrial. The single justice of this court then stayed a second retrial of the defendant and referred to the full court the defendant's petition for reconsideration of his petition under G. L. c. 211, § 3.

We have before us both the defendant's appeal from the single justice's denial of relief under G. L. c. 211, § 3, and the single justice's reference to this court of the defendant's petition for reconsideration of that denial. We conclude that there was no manifest necessity justifying the allowance of the Commonwealth's motion for a mistrial, and, therefore, the defendant was entitled to relief from the single justice in order to protect his right, in the circumstances, not to be placed in jeopardy twice.

This court has dealt with claimed double jeopardy violations under the common law of the Commonwealth in terms that are substantially similar to those principles applicable under the double jeopardy clause of the Fifth Amendment to the Constitution of the United States. See *Commonwealth* v. *Cassidy*, 410 Mass. 174, 176 (1991). We decide this case on

---

[2]The single justice later explained in a memorandum that he. had believed that the retrial would either "give the Full Court a complete record on which to decide the mistrial question" if there were a conviction or would moot the issues if there were an acquittal. The double jeopardy question, however, did not depend on evidence at any second trial, and an acquittal at the second trial would, of course, not cure any double jeopardy violation in conducting that second trial.

common law principles. After jeopardy has attached, a judge is warranted in declaring a mistrial over the objection of a defendant, only if there is a manifest necessity to do so. *Arizona* v. *Washington*, 434 U.S. 497, 505 (1978). *Barton* v. *Commonwealth*, 385 Mass. 517, 518 (1982). Jeopardy attaches in a jury trial when the jury are empaneled and sworn. *Serfass* v. *United States*, 420 U.S. 377, 388 (1975). Although there is no prescribed formula for determining whether manifest necessity exists that justifies the declaration of a mistrial over a defendant's objection, the level of necessity must be high to warrant such a declaration. *Commonwealth* v. *Reinstein*, 381 Mass. 555, 560-561 (1980). The record must demonstrate that, before declaring a mistrial, the trial judge gave reasoned consideration to the various less severe alternatives. See *id.* at 557-558; *Jones* v. *Commonwealth*, 379 Mass. 607, 622 (1980).

Here, the judge should have inquired into the feasibility of the jurors' returning one week later. See *Commonwealth* v. *Steward*, 396 Mass. 76, 79-80 (1985); *Commonwealth* v. *Barton*, *supra* at 519. Cf. *Commonwealth* v. *Phillips*, 12 Mass. App. Ct. 486, 487-488 (1981). The possibility was apparent; the defendant raised it, and it was not explored. On this record, there is no showing of any necessity to declare a mistrial, and certainly there was no manifest necessity to do so.

The judgment denying the defendant's petition for relief under G. L. c. 211, § 3, is vacated, and a judgment shall be entered in the county court vacating the order in the Superior Court denying the defendant's motion to dismiss and directing that an order be entered in the Superior Court allowing defendant's motion to dismiss.

*So ordered.*