# RESCRIPT OPINIONS.

DONALD CREIGHTON *vs.* COMMONWEALTH. July 1, 1996. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Appeal.

The petitioner's first trial having ended in a mistrial, he moved to dismiss the indictments against him on the ground that a retrial would be barred by principles of double jeopardy. The trial judge denied his motion. The petitioner next filed a petition in the county court pursuant to G. L. c. 211, § 3 (1994 ed.), pressing the double jeopardy issue. A single justice denied the petition after a hearing. The petitioner did not appeal from that judgment to the full court, as he could have done.

The petitioner was then retried and convicted, and he is pursuing an appeal. A stay of the sentence was not requested. Meanwhile, he also filed another petition in the county court under G. L. c. 211, § 3, in which he asked the single justice to reconsider the earlier denial of his original petition. The single justice denied relief without a hearing on the second petition, and the petitioner appeals from that order to the full court.

The petitioner was not entitled to relief on his second petition because he had an adequate alternative avenue that he could have pursued to obtain a resolution of his double jeopardy claim. See *McGuinness* v. *Commonwealth,* 420 Mass. 495, 497 (1995) ("Parties seeking review must demonstrate that they have no other legal remedy to pursue and, therefore, a petition under c. 211, § 3, is the only alternative"). Specifically, he could have appealed to the full court from the single justice's denial of his initial G. L. c. 211, § 3, petition. Had he done so, he could have received a determination from the full court of his double jeopardy claim before having had to face a second trial. See, e.g., *Neverson* v. *Commonwealth,* 406 Mass. 174, 175-176 (1989); *Berry* v. *Commonwealth,* 393 Mass. 793, 797-798 (1985).

The petitioner argues that the single justice should have reconsidered his ruling on the first petition since, at the time he made that ruling, the single justice did not have available to him a transcript of the relevant trial court proceedings. The petitioner asserts that the single justice may have been misled in his initial ruling by certain misstatements made by the trial judge and the prosecutor as to what had transpired in the trial court; and that the transcript, which was available by the time of the second petition, would have set the record straight. The petitioner's argument fails, however, because the single justice did have before him at the hearing on the initial petition an audiotape (submitted by the petitioner) of the relevant portion of the trial proceedings, and thus had an accurate record of what had actually transpired in the trial court.

We have listened to the audiotape of the relevant portion of the trial court proceeding and also reject the petitioner's claim that he will be further prejudiced if he is now limited to pursuing his double jeopardy claim

in his underlying appeal. While it is "somewhat unusual" for this type of claim not to have been pursued to a final resolution interlocutorily, *Commonwealth* v. *Steward*, 396 Mass. 76, 77-78 n.2 (1985), it is only the petitioner's failure to appeal to the full court that makes this such a case. The claim may, of course, be raised in a direct appeal from a conviction after a second trial. *Id.* See *Commonwealth* v. *Preston*, 27 Mass. App. Ct. 16, 17 (1989); *Commonwealth* v. *Denson*, 16 Mass. App. Ct. 678 (1983).

*Order of the single justice affirmed.*

*Greg T. Schubert* for the plaintiff.

*Sandra L. Hautanen*, Assistant District Attorney, for the Commonwealth.