SOPHEARA CHEN *vs.* COMMONWEALTH. April 19, 2012. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Practice, Criminal,* Dismissal, Double jeopardy. *Constitutional Law,* Double jeopardy.

The petitioner, Sopheara Chen, appeals from the judgment of a single justice of this court denying his petition for relief pursuant to G. L. c. 211, § 3. We affirm.

After a jury-waived trial, the petitioner was convicted as a youthful offender on three indictments charging possession of a loaded firearm without a license, G. L. c. 269, § 10 (*n*). In a separate jury-waived trial on so-called "subsequent offense" indictments, he also was convicted of three indictments charging unlawful possession of a firearm, second offense, G. L. c. 269, § 10 (*d*), and being a felon in possession of a firearm, G. L. c. 269, § 10G. In an unpublished memorandum and order pursuant to its rule 1:28, the Appeals Court affirmed the convictions from the first trial, *Commonwealth* v. *Chen,* 78 Mass. App. Ct. 1125 (2011), and they are not at issue here. It reversed the subsequent offender convictions from the second trial, because the petitioner had not executed a separate written jury waiver prior to that jury-waived trial. This court denied further appellate review. *Commonwealth* v. *Chen,* 459 Mass. 1108 (2011).

Prior to retrial, the petitioner moved to dismiss the subsequent offense indictments on the ground that double jeopardy principles barred retrial. He

alleged, as he had in his direct appeal, that the evidence presented at the original trial on those charges was insufficient to support his convictions as a subsequent offender, and that the Appeals Court erred in concluding otherwise.[1] A Juvenile Court judge denied the motion. The petitioner then filed a petition in the county court pursuant to G. L. c. 211, § 3, seeking relief from that order and dismissal of the subsequent offense indictments on double jeopardy grounds. A single justice of this court denied the petition.

Because the Juvenile Court's order challenged by the petitioner is interlocutory, S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), requires him to state "the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." The petitioner's motion to dismiss — arguing that retrial would violate his right against double jeopardy — was grounded in his claim that the evidence at his original trial was insufficient to warrant his conviction, a claim the Appeals Court already had considered and rejected on direct appeal. *Commonwealth* v. *Chen*, 78 Mass. App. Ct. 1125 (2011). Had he not had the direct appeal (e.g., if his original trial ended in a mistrial), this appeal would be permitted to proceed, because a "criminal defendant who raises a double jeopardy claim of substantial merit is entitled to review of the claim before he is retried." *Neverson* v. *Commonwealth*, 406 Mass. 174, 175 (1989). This petitioner, however, had his review. Our power under G. L. c. 211, § 3, is reserved for extraordinary circumstances and provides neither a substitute for the ordinary appellate process nor "an additional layer of appellate review after the normal process has run its course." *Votta* v. *Police Dep't of Billerica*, 444 Mass. 1001, 1001 (2005). See *Jackson* v. *Commonwealth*, 437 Mass. 1008, 1009 n.1 (2002) (petitioner not entitled under G. L. c. 211, § 3, to review of double jeopardy claim substantially similar to claim considered on prior direct appeal). See also *Creighton* v. *Commonwealth*, 423 Mass. 1001 (1996); *Commonwealth* v. *Steward*, 396 Mass. 76 (1985).

Because the petitioner has received review of his double jeopardy claim (sufficiency of the evidence) prior to retrial, he has not sustained his burden under rule 2:21.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Michael A. Contant* for the petitioner.

---

[1] The Appeals Court's unpublished memorandum and order expressly indicates that it reviewed all the claims on appeal (which included the sufficiency of the evidence claim and not just the jury-waiver claim). The court stated that, "[if] the jury waiver had been signed, the defendant's convictions from his second trial would have been affirmed for reasons cited" in the Commonwealth's brief, which included the argument that the evidence was sufficient.