NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1127

COMMONWEALTH

vs.

REGINALD GRANT.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A judge of the District Court declared a mistrial without prejudice after the person whom the Commonwealth alleged was the victim (victim) began to testify but failed to appear in court on the following day of trial, thereby preventing defense counsel from concluding his cross-examination of her.[1]  Three months after declaring a mistrial, the judge allowed the Commonwealth's motion for a new trial date.[2]  The defendant now

---

[1] The defendant was charged with two counts of indecent assault and battery on a child under the age of fourteen (G. L. c. 265, § 13B), and one count of open and gross lewdness (G. L. c. 272, § 16).

[2] The defendant appealed from the judge's ruling allowing a new trial to a single justice of the Supreme Judicial Court, who granted the defendant leave to pursue an interlocutory appeal in this court.

appeals from this order, arguing a retrial is impermissibly prejudicial because (1) the judge's declaration of mistrial was not supported by manifest necessity, and (2) the trial prosecutor goaded the defendant into seeking a mistrial. Because we cannot conclusively determine from this record whether the judge found manifest necessity before ordering a mistrial without prejudice and allowing a retrial, we vacate the order allowing the Commonwealth's motion and denying the defendant's motion for reconsideration, and remand for further findings.

Background. The facts of the proceedings are well known to the parties and will be repeated here only as necessary. On the first day of trial,[3] April 26, the Commonwealth completed its direct examination of the victim and defense counsel started, but did not finish, his cross-examination. On the following day, the Commonwealth reported to the judge that the victim and the victim's mother, who was also scheduled to testify, decided they would not be returning to court for the conclusion of the trial. The Commonwealth informed the court that it would not be asking for a capias to secure the victim's presence due to her age and stated it "understand[s] that that will mean a

---

[3] Jury empanelment began on Tuesday, April 25, 2023. A full jury were empaneled the following day, at which point the trial commenced.

mistrial." The prosecutor then informed the judge that the Commonwealth "has no witnesses here today" and would leave the issue up to the judge's discretion.[4] Defense counsel then requested a mistrial with prejudice. The Commonwealth requested the mistrial be without prejudice.

After a brief recess, the courtroom clerk informed the judge and the parties that the victim had called the clerk's office and expressed her desire to speak with the Commonwealth. The judge then took another brief recess to allow the Commonwealth to speak with the victim. After reconvening, the Commonwealth conveyed that the victim had changed her mind, and while she would not be able to come to court that day, she wanted to come finish her testimony on the following day (Friday). At this point, the Commonwealth asked for a one-day continuance. The judge briefly discussed with the parties the option of continuing with the trial on the day the Commonwealth was requesting, but determined it was not feasible. As a result, the Commonwealth asked for a mistrial without prejudice for the second time. Defense counsel again requested a mistrial, and emphasized it should be with prejudice, suggesting to the judge that "the standard . . . is whether there was

---

[4] We note the defendant did not move to strike the victim's testimony and ask for a directed verdict.

3

prosecutorial misconduct in connection with the reason for the mistrial."  The judge then denied the Commonwealth's request for a one-day continuance and addressed the Commonwealth, stating, "I gave you an opportunity to see if your witness could get here this morning.  You've reported that that's also not doable for the family.  Given the intentional absence of your witnesses, two in this instance, this case is going to be declared a mistrial."

The Commonwealth thereafter filed a motion for a new trial date.  The defendant opposed the motion on the basis that a retrial would violate his double jeopardy rights.  The judge treated the defendant's opposition as a motion to reconsider her decision to declare a mistrial.  In allowing the Commonwealth's motion and denying reconsideration of her earlier ruling, the judge found that there was no prosecutorial misconduct leading up to her decision to declare a mistrial.

Discussion.  "The decision to allow a retrial after a mistrial implicates a defendant's right, under the Fifth Amendment to the United States Constitution, as well as Massachusetts statutory and common-law protections, against being placed in jeopardy twice for the same criminal offense." Commonwealth v. Bryan, 476 Mass. 351, 356 (2017).  "[R]etrial may be permissible after a mistrial if a defendant consented to

4

the mistrial . . . or if there was a manifest necessity to declare the mistrial."  Commonwealth v. Edwards, 491 Mass. 1, 12 (2022).

1.  Consent.  The Commonwealth argues the defendant consented to retrial because the mistrial was declared on the defendant's motion.  We disagree.

A defendant may consent to a mistrial either explicitly, "by moving for one or by agreeing to one proposed by the prosecutor or judge," or implicitly, "where [they] had the opportunity to object [to a declaration of a mistrial] and failed to do so" (quotations and citations omitted).  Edwards, 491 Mass. at 13.

Here, the defendant initially moved for a mistrial, and explicitly asked that prejudice attach to the judge's declaration of a mistrial, when he first learned that the victim refused to come to court and would not be present to finish her testimony.[5]  Defense counsel again voiced his opposition to a mistrial without prejudice when the Commonwealth requested a continuance.  At no time did counsel suggest the defendant was

---

[5] The Commonwealth provided a rationale for the victim's absence, reporting the victim "[was] very scared about testifying because . . . while she was testifying[,] she felt that the defendant was snickering and laughing at what she said."  Defense counsel disputed this account, stating "I was standing right next to [the defendant].  Your Honor is in plain view of him."

amenable to a mistrial without prejudice.  Where the defendant specifically requested the judge declare a mistrial with prejudice, and objected to a mistrial without prejudice, we conclude that he did not consent to retrial.  See Edwards, 491 Mass. at 13 ("[A] defendant may object [to a mistrial] by expressing a preference against mistrial prior to the judge's ruling"); Commonwealth v. Cassidy, 410 Mass. 174, 177 n.2 (1991) (defendant did not consent to mistrial where "defendant did not formally object" but "did . . . ask the judge to try to avoid a mistrial").

2.  Manifest necessity.  Because we conclude that the defendant did not consent to retrial, "the Commonwealth bears the 'heavy' burden of proving that a mistrial rested on manifest necessity."  Commonwealth v. Nicoll, 452 Mass. 816, 818 (2008), quoting Arizona v. Washington, 434 U.S. 497, 505 (1978).  A judge's determination that manifest necessity warrants a mistrial is a "fact-intensive" inquiry.  Bryan, 476 Mass. at 357.  "We review a judge's determination that there was 'manifest necessity' for a mistrial under an abuse of discretion standard."  Cruz v. Commonwealth, 461 Mass. 664, 669 (2012).[6] See also Commonwealth v. Steward, 396 Mass. 76, 79 (1985)

_____

[6] We also review for an abuse of discretion a decision to deny a motion for reconsideration.  See Commissioner of Revenue v. Comcast Corp., 453 Mass. 293, 313 (2009).

6

("discretion of a trial judge where double jeopardy is concerned is more restricted than the discretion commonly granted to trial judges for the more routine matters").  In determining whether a judge abused their discretion, "[t]wo principles guide our review:  (1) counsel must [have been] given full opportunity to be heard and (2) the trial judge must [have given] careful consideration to alternatives to a mistrial" (quotation and citation omitted).  Commonwealth v. Taylor, 486 Mass. 469, 484-485 (2020).

Here, by giving each counsel ample time to argue the necessity of a mistrial or pose alternative options, the judge provided both parties the opportunity to be heard.  Cf. Nicoll, 452 Mass. at 818 (opportunity to be heard satisfied by trial judge "asking the attorneys for their opinions and openly listening to their views and advice").  Contrast Picard v. Commonwealth, 400 Mass. 115, 118-119 (1987) (judge provided counsel "[n]o opportunity . . . to argue the propriety of the question or of the necessity of a mistrial").

However, as to the second requirement, this record does not allow us to examine whether the judge properly determined manifest necessity supported her declaration of mistrial.  See Picard, 400 Mass. at 118, quoting Barton v. Commonwealth, 385 Mass. 517, 519 (1982) (we defer to trial judge's exercise of

discretion in ruling that manifest necessity exists for mistrial "only if it is clear from the record that the judge has given careful consideration to the available alternatives and to the defendant's interest in having the trial concluded in a single proceeding").  Neither the judge nor the parties ever mentioned manifest necessity, and in the judge's written findings, she found only that there was no prosecutorial misconduct that warranted a mistrial with prejudice.  Because the record is not adequately clear as to the nature of and basis for the judge's decision, we cannot without further factual findings assess whether the judge acted within her discretion by engaging in careful consideration of the alternatives to a mistrial.  See Lovett v. Commonwealth, 393 Mass. 444, 447 (1984) (particular facts of each case dictate determination of manifest necessity).

More specifically, we cannot discern from the trial transcript the judge's reason for rejecting a one-day continuance as a possible alternative.  One potential reason appears to be that the judge and counsel agreed that multiple jurors may have had scheduling conflicts that impacted their availability for the following day.[7]  However, the basis for the conclusion that the trial could not continue into Friday is

---

[7] It is also unclear whether the victim would even have been available, as the Commonwealth stated she "could possibly do Friday."

8

unclear without further elaboration from the judge.[8]  We note
that the judge did not inquire with the seated jurors as to
their availability should the trial extend past the two-day
mark, or discuss the use of the two alternate jurors in the
event of juror unavailability.  If the judge based her decision
to declare a mistrial without prejudice in part or entirely on
juror unavailability, she should state as much, as well as her
basis for so concluding.

In addition, we see no basis in the record to support the
Commonwealth's statement, uncorrected by either the judge or
defense counsel, that "I do understand that we could not
continue this [trial] into Friday given everyone's schedule."[9]
Our uncertainty as to the basis for this statement does not mean
that we have reason to doubt the veracity of the statement;
merely that it is unclear from the record why "everyone's
schedule" would not allow for that one-day continuance.[10]

---

[8] For instance, jurors no. 2 and 5 said it would be
difficult but possible to serve on the jury until Thursday; the
judge did not ask about their availabilities on Friday.

[9] Because the defendant did not contest this statement, we
take his silence as assent.

[10] We note that the judge encouraged the parties to discuss
potential ways to resolve the issue of the witness not
appearing.  It may be that the prosecutor was referring to
something that was said off the record.

9

Furthermore, although the judge and defense counsel discussed the defendant's expert witness's availability, we are unable to ascertain from their discussion whether this witness would have been available if he had been called "out of turn" or had the trial had been continued. While defense counsel stated that the expert witness had a conflict at 1 P.M. on Thursday and was "lined up all day tomorrow [Friday]," there was no discussion on the record whether time would have permitted him to conclude his testimony on Thursday morning or if he was available to testify on Friday.[11] If the judge inferred that the defendant's expert witness was unavailable to testify on Friday, and if that factored in her decision to declare a mistrial, she should so state in her findings.[12]

The lack of clarity on the basis for the judge's decision to declare a mistrial is furthered by her written decision on the Commonwealth's motion to retry the defendant, where she affirmed the mistrial without prejudice solely on the basis that there was "no prosecutorial misconduct." Although we conclude that the judge did not abuse her discretion in finding there was

---

[11] It is unclear to us if being "lined up all day" meant the expert witness, a surgeon, was available for trial, or in the alternative if he had scheduled surgery for that date and thus would be unavailable for trial unless held by the court.

[12] We acknowledge that defense counsel represented that the expert witness was critical to his defense.

10

no prosecutorial misconduct under Oregon v. Kennedy, 456 U.S. 667, 676 (1982), further factual findings are necessary as to whether she declared a mistrial because of the witnesses' intentional failures to appear, or instead, if her reasons for declaring a mistrial included her implicit finding of manifest necessity.[13] See, e.g., Edwards, 491 Mass. at 17-18; Bryan, 476 Mass. at 359.

"[D]ismissal with prejudice is a 'remedy of last resort,'" (citation omitted), Edwards, 491 Mass. at 9, and would be warranted here only if the judge did not carefully consider possible alternatives to declaring a mistrial. See Nicoll, 452 Mass. at 822. However, due to the fact-dependent nature of the manifest necessity inquiry, see Bryan, 476 Mass. at 357, we cannot determine whether the judge abused her discretion on this incomplete record, and thus, cannot conclude this remedy is warranted at this juncture. Cf. Commonwealth v. Jones-Pannell, 472 Mass. 429, 437 (2015) ("where the facts as found are susceptible of more than one interpretation, and there is additional evidence in the record, neither implicitly credited nor discredited by the judge, remand may be appropriate" [quotation omitted]). Accordingly, remand is prudent, to allow

---

[13] We agree with the trial judge as to her finding that there was no prosecutorial misconduct. The record does not support any assignment of misconduct to the trial prosecutor.

11

the judge to make findings regarding her assessment of manifest necessity and to clarify the facts supporting her elimination of a continuance as a possible alternative and other factors she considered in declaring a mistrial. See Commonwealth v. Tremblay, 480 Mass. 645, 660-661 (2018).

Conclusion. Accordingly, the order allowing the Commonwealth's motion for a new trial date and denying the defendant's motion for reconsideration is vacated. The case is remanded for the judge to make express findings (1) whether she found manifest necessity before declaring a mistrial; and if so, (2) the factual basis for such a finding. If the judge concludes that she did not find that manifest necessity supported her order of mistrial, the case against the defendant is ordered dismissed with prejudice, as double jeopardy principles bar a retrial. See Edwards, 491 Mass. at 18, citing Commonwealth v. Gonzalez, 437 Mass. 276, 283 (2002), cert. denied, 538 U.S. 962 (2003) ("Double jeopardy principles

will often foreclose any remedy for, or shield from review, a trial judge's errors or misconduct").

So <u>ordered</u>.

By the Court (Rubin,
  D'Angelo & Smyth, JJ.[14]),

Clerk

Entered:  June 13, 2025.

---

[14] The panelists are listed in order of seniority.